# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARTURO SANDOVAL VEGA<br>7611 Woodruff Court<br>Laurel, MD 20707<br><br>*Individually and on Behalf of All Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>SOLID PROPERTIES, LLC<br>2300 Wisconsin Avenue NW<br>Suite 300A<br>Washington, DC 20007<br><br>    SERVE: Resident Agent<br>    Siamak Madani<br>    2300 Wisconsin Avenue NW<br>    Suite 300A<br>    Washington, DC 20007<br><br>OAK PARK APARTMENTS, LLC<br>2300 Wisconsin Avenue NW<br>Suite 300A<br>Washington, DC 20007<br><br>    SERVE: Resident Agent<br>    Siamak Madani<br>    2300 Wisconsin Avenue NW<br>    Suite 300A<br>    Washington, DC 20007<br><br>1835-1837 GOOD HOPE ROAD, LLC<br>2300 Wisconsin Avenue NW<br>Suite 300A<br>Washington, DC 20007<br><br>    SERVE: Registered Agent<br>    Barry Madani<br>    2300 Wisconsin Avenue NW<br>    Suite 300A<br>    Washington, DC 20007 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 1:23-cv-01762 |

|  |  |
|---|---|
| MADISON INVESTMENTS, LLC <br> 2300 Wisconsin Avenue NW <br> Suite 300A <br> Washington, DC 20007 <br> <br>     SERVE: Registered Agent <br>     Siamak Madani <br>     2300 Wisconsin Avenue NW <br>     Suite 300A <br>     Washington, DC 20007 <br> <br>     DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiff Arturo Sandoval Vega ("Plaintiff" or "Sandoval"), on behalf of himself and all other individuals similarly situated, and by and through his undersigned counsel and the law firm of Zipin, Amster & Greenberg, LLC, hereby files this Collective Action Complaint against Defendants Solid Properties, LLC ("Solid Properties"), Oak Park Apartments, LLC ("Oak Park"), 1835-1837 Good Hope Road, LLC ("Good Hope Road"), and Madison Investments, LLC ("Madison Investments") (together, "Defendants"), to collect damages for violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the District of Columbia Minimum Wage Revision Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-301, *et seq.* ("DCWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff hereby affirms consent to participate in this collective action seeking relief under FLSA, the DCMWA, and the DCWPCL.

2

2. Defendant Solid Properties is a limited liability company organized under the laws of the District of Columbia and with its principal place of business in the District of Columbia.

3. Defendant Oak Park is a limited liability company organized under the laws of the District of Columbia and with its principal place of business in the District of Columbia.

4. Defendant Good Hope Road is a limited liability company organized under the laws of the District of Columbia and with its principal place of business in the District of Columbia.

5. Defendant Madison Investments is a limited liability company organized under the laws of the District of Columbia and with its principal place of business in the District of Columbia.

6. Defendants Solid Properties, Oak Park, Good Hope Road, and Madison Investments share common ownership and operate as a single enterprise for the purpose of the FLSA, the DCMWA, and the DCWPCL.

7. Defendants employed Plaintiff and the putative collective to perform remodeling work in residential properties owned by Defendants in the District of Columbia.

8. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had an annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA. 29 U.S.C. § 203(r).

9. At all times relevant, Plaintiff and putative collective members were employees who, while engaged in employment duties, handled, used, and otherwise worked on goods and materials (namely construction tools and materials) that were moved in or produced for commerce. This, Plaintiff and putative collective members were individual employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

10. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCMWA, and the DCWPCL.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

12. Defendants are employers located within the District of Columbia and are subject to the DCMWA and the DCWPCL.

13. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

**FACTUAL ALLEGATIONS CONCERNING DEFENDANTS**

14. Defendants Solid Properties, Oak Park, Good Hope Road, and Madison Investments are all owned and operated by Siamak Madani and Barry Madani.

15. Defendant Solid Properties provides property management services to the owners of residential properties throughout the District of Columbia and surrounding areas. According to Solid Properties' website, the company currently manages over 1,000 apartment units.

16. Siamak Madani is Solid Properties' Principal and Co-Founder. Barry Madani serves as the company's Chief Executive Officer ("CEO").

17. As part of the services it provides, Solid Properties offers building owners "unit turnover construction." In conducting unit turnover construction, Solid Properties performs complete and/or partial renovations of apartment units after they have been vacated and before they are leased. These renovations include demolition of existing structures and fixtures and the installation of new ones.

4

18. The work of apartment renovations includes, *inter alia*, the installation of kitchen cabinets and appliances, bathroom fixtures, carpet, and painting.

19. To perform the renovation work, Defendants employ a staff of full-time construction employees, including Plaintiff.

20. Madison Investments is a real estate development company owned and operated by Siamak Madani and Barry Madani. Madison Investments' website lists Siamak Madani as its "Co-founder and President," and lists Barry Madani as the company's "CEO and Co-founder."

21. As part of Madison Investments' business, the company performs renovations of existing residential buildings and the construction of new residential buildings.

22. Oak Park is an apartment complex located in Washington, D.C. that is owned and/or managed by Madison Investments and/or Siamak Madani and Barry Madani.

23. Good Hope Road is an apartment complex located in Washington, D.C. that is owned and/or operated by Madison Investments and/or Siamak Madani and Barry Madani.

24. Defendants employ a single Head of Maintenance, Jose Flores, to oversee renovations in the properties they own and/or manage.

**FACTUAL ALLEGATIONS CONCERNING SANDOVAL**

25. Defendants employed Plaintiff to perform renovation work in apartment buildings owned and/or managed by Defendants throughout the District of Columbia.

26. Plaintiff's employment began in approximately February 2022 and ended on or about May 1, 2023.

27. Throughout the period relevant to this case, Plaintiff regularly and customarily worked approximately forty-eight (48) hours per week.

28. Throughout the relevant period, Defendants paid Plaintiff at an hourly rate of between $23.00 and $25.00.

29. Defendants paid Plaintiff at his regular hourly rate for all of the hours he worked each week regardless of how many hours he worked.

30. At no time during the relevant period did Defendants ever compensate Plaintiff at a rate of one-and-one-half times (1.5x) his regular rate of pay for the hours he worked over forty (40) each week as required by the FLSA, the DCMWA, and the DCWPCL.

31. In an apparent effort to minimize the number of overtime hours showing on Plaintiff's checks, and thereby avoid liability in an action like this one, Defendants paid Plaintiff with checks from different entities for work performed in the same week. For example, Plaintiff received two checks, both dated March 10, 2022, for equal amounts. One check was from Oak Park and the other from Good Hope Road.

32. Moreover, despite Plaintiff's legal status as an employee, Defendants paid him as though he was a contractor. Defendants unlawfully paid Plaintiff via regular checks, rather than payroll checks, to avoid paying their portion of payroll-related taxes, such as social security and Medicare.

33. Despite receiving checks from at least three separate entities, Plaintiff was not required to separately apply for employment with each entity and had a single supervisor to whom he reported regarding work on buildings owned or managed by all three entities.

34. Throughout his employment, Plaintiff worked on more than two-dozen buildings owned by the three Defendants.

35. The renovation work Plaintiff performed included complete renovations of apartment units owned and/or managed by Defendants. These tasks included demolition and/or

removal of existing fixtures and the installation of new ones. Plaintiff's work involved remodeling kitchens, bathrooms, and living spaces. In the performance of these duties, Plaintiff performed electrical work, plumbing work, installation of flooring, and painting.

36. All materials used in the renovations were paid for and provided by Defendants.

37. In addition to this total renovation work, Plaintiff was also required to perform emergency repairs in occupied apartment units through buildings owned and/or managed by Defendants.

38. Plaintiff frequently performed work throughout Defendants' different buildings, sometimes working in multiple buildings within the same day.

39. Plaintiff's primary work duties did not qualify for exemption under the FLSA, the DCMWA, or the DCWPCL.

## PROPOSED COLLECTIVE

40. <u>The Proposed Collective</u>: all employees of Defendants that performed duties related to renovations of Defendants' properties or similar jobs during the last three years.

41. Defendants have employed approximately 20 renovation-related workers during the relevant period.

42. All putative members are readily identifiable from information and records in the possession and control of the Defendants.

43. The number of hours worked and the rate of each of those hours is set forth in records in the possession and control of Defendants.

## FACTUAL ALLEGATIONS COMMON TO COLLECTIVE

44. Plaintiff and other employees similarly situated were paid at their regular rates of pay for all hours they worked regardless of how many hours they worked each week.

45. Defendants did not pay Plaintiff and other employees similarly situated their half-time overtime premiums for the hours they worked beyond forty (40) each week.

46. Solid Properties, Oak Park, and Good Hope Road are joint employers. Plaintiff and other employees similarly situated were not required to submit separate applications for each entity and were managed by a single supervisor regardless of which entity owned or managed the specific property at which they worked.

47. Additionally, there was a high degree of permanency in the relationship between Solid Properties, Oak Park, and Good Hope Road. This relationship lasted throughout the relevant period.

48. Solid Properties, Oak Park, and Good Hope Road share common ownership and are managed via a single management team.

49. Defendants, collectively through their single supervisor, exercised a high degree of control over the employment of Plaintiff and other employees similarly situated.

50. During this period, Solid Properties, Oak Park, and Good Hope Road each:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff and other employees similarly situated;

   b. Had the power to supervise the work duties of Plaintiff and other employees similarly situated to ensure their work was of sufficient quality;

   c. Set and controlled the work schedules for Plaintiff and other employees similarly situated or had the power to set and control such work schedules;

   d. Set and determined or had the power to set and determine the rates and methods of payment to Plaintiff and other employees similarly situated.

  e. Controlled, and was in charge of the day-to-day operations of Solid Properties, Oak Park, and Good Hope Road.

51. Defendants knowingly, willfully, or in a reckless disregard of the law, maintained an illegal and collective-wide practice of unlawfully refusing to pay overtime wages and violating the FLSA, the DCMWA, and the DCWPCL and otherwise failing to pay Plaintiff and other employees similarly situated at hourly rates in compliance with the requirements of the FLSA, the DCMWA, and the DCWPCL.

52. Plaintiff and other employees similarly situated did not qualify for exemption under the FLSA, the DCMWA, or the DCWPCL.

53. Defendants' failure and refusal to pay Plaintiffs the wages they rightfully earned as required by the FLSA, the DCMWA, and the DCWPCL was willful and intentional, and was not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings his claims as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012 and § 32-1308, on behalf of himself and other employees similarly situated.

55. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating Plaintiff's claims.

56. Plaintiff requests he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012 and § 32-1308.

57. Pursuant to 29 U.S.C. § 216(b), by acting as the named Plaintiff in this action, Plaintiff affirmatively consents to prosecute his claims in this matter on behalf of himself and other employees similarly situated and to recover unpaid wages and damages sought in this action.

## CAUSES OF ACTION

### COUNT I
### Violation of the Fair Labor Standards Act
### (Overtime)

58.     Plaintiff reasserts and re-alleges each and every allegation set forth above as though each was set forth herein.

59.     The FLSA mandates that employers must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rates of pay for all hours worked each week in excess of forty (40) ("overtime hours").

60.     At all times, Plaintiff and other employees similarly situated were "employees" covered by § 207(a)(1) of the FLSA and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

61.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff and other employees similarly situated at the overtime rate of one-and-one-half times (1.5x) their regular rates of pay for all overtime hours worked.

62.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

63.     As set forth above, Defendants failed and refused to pay Plaintiffs and other employees similarly situated at one-and-one-half times (1.5x) their regular rates of pay for all overtime hours worked.

64.     Defendants' failure and refusal to pay Plaintiff and other employees similarly situated was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-

judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the DC Minimum Wage Revision Act
### (Overtime)

65. Plaintiff reasserts and re-alleges each and every allegation set forth above as though each was set forth herein.

66. Plaintiff and other employees similarly situated were "employees" and Defendants were "employers" within the meaning of the DCMWA.  D.C. Code §§ 32-1001, *et seq.*

67. Defendants as the employers of Plaintiff and other employees similarly situated, were, pursuant to the DCMWA, obligated to compensate Plaintiff and other employees similarly situated at the overtime rate of one-and-one-half times (1.5x) their regular rates of pay for all hours worked in excess of forty (40) per week ("overtime hours").

68. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff and other employees similarly situated to work many overtime hours during each week of their employment.

69. As set forth above, Defendants failed and refused to pay Plaintiff and other employees similarly situated one-and-one-half times (1.5x) their regular rates for all the overtime hours they worked.

70. Defendants' failure and refusal to pay Plaintiff and other employees similarly situated as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, interest (both pre- and post-judgment) attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
**Violation of the DC Wage Payment and Collection Law**
**(Unpaid Wages)**

71. Plaintiff reasserts and re-alleges each and every allegation set forth above as though each was set forth herein.

72. Plaintiff and other employees similarly situated were "employees" and Defendants were "employers" within the meaning of the DCWPCL.

73. Under the DCWPCL, Defendants were obligated to pay Plaintiff and other employees similarly situated all wages earned and owed for work performed.

74. "Wages" pursuant to the DCWPCL, "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in case; (D) Overtime premium; and (E) other remuneration promised or owed: (i) pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law." D.C. Code § 32-1301(3).

75. Plaintiff and other employees similarly situated performed work duties for Defendants benefit as set forth above for which Defendants failed to pay all wages earned and required by law.

76. Specifically, Defendants failed and refused to pay Plaintiff and other employees similarly situated overtime wages as required by the FLSA and the DCMWA.

77. Defendants owe Plaintiff and other employees similarly situated their overtime premium or the overtime hours they worked as set forth above.

78. Defendants' failure to pay wages to Plaintiff and other employees similarly situated, as set forth above, constitutes a violation of their right to receive wages as guaranteed by the DCWPCL.

WHEREFORE, Defendants are liable to Plaintiff under Count III for all unpaid wages in such amount to be proven at trial, plus liquidated damages as provided by statute (treble damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

        Respectfully submitted,

        ZIPIN, AMSTER & GREENBERG, LLC

        */s/ Michael K. Amster*
        Michael K. Amster, Bar No. 1001110
        8757 Georgia Avenue, Suite 400
        Silver Spring, MD 20910
        Tel: 301-587-9373
        Fax: 240-839-9142
        mamster@zagfirm.com

        Anthony G. Bizien, Bar No. MD0051
        45 Essex Street, Suite 3 West
        Hackensack, NJ 07601
        Tel: 551-244-1257
        Fax: 240-839-9142
        abizien@zagfirm.com

        *Counsel for Plaintiff and*
        *Putative Collective Members*