IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTURO SANDOVAL VEGA, | : |
| Plaintiff, | : |
| v. | : Case No. 1:23-cv-01762-BAH |
| SOLID PROPERTIES, LLC, *et al.*, | : |
| Defendants. | : |

## MOTION FOR ENTRY OF JUDGMENT

Defendants Solid Properties, LLC; Oak Park Apartments, LLC; 1835-1837 Good Hope Road, LLC; and Madison Investments, LLC (collectively, the "Companies"), by and through counsel, Jeff M. Schwaber, Eduardo S. Garcia, and Stein Sperling Bennett De Jong Driscoll PC, hereby file this Motion for Entry of Judgment (the "Motion"), and in support thereof, state as follows:

1. The Supreme Court made clear that if a plaintiff's claim is fully satisfied, the claim is rendered moot and that party no longer has a "personal stake in the outcome of the lawsuit." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72-73 (2013). Pursuant to the details outlined below, the Companies have fully satisfied Plaintiff Arturo Sandoval Vega's ("Mr. Sandoval") claims. As such, "[Mr. Sandoval] has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve [his] suit from mootness." *Id.* at 78.

2. Simultaneous with the filing of this Motion, the Companies have filed an Answer that fully admits to the liability associated with Mr. Sandoval's individual claims.

3. In addition, the Companies reviewed Mr. Sandoval's timesheets and paystubs to determine that the full amount of unpaid overtime wages totaled $4,372.00. That number is subject

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

to an additional treble damage for a total maximum recovery amount of $17,488.00 (the "Maximum Recovery"). Copies of Mr. Sandoval's timesheets and paystubs are attached hereto and incorporated herein as Exhibit 1.

4. The Companies have already provided full payment in the amount of the Maximum Recovery to Mr. Sandoval via direct deposit to the same bank account that Mr. Sandoval received his direct deposit payments when he was employed with the Companies. A copy of the direct deposit confirmation for the Maximum Recovery is attached hereto and incorporated herein as Exhibit 2.

5. Thereafter, the Companies contacted Mr. Sandoval's counsel and informed them that the Companies have agreed to pay Mr. Sandoval's reasonable attorneys' fees as determined by this Court or by agreement between counsel.[1] A copy of the communication to opposing counsel regarding attorneys' fees is attached hereto and incorporated herein as Exhibit 3.

6. Since the Companies have admitted to liability regarding Mr. Sandoval's individual claims and itemized the Maximum Recovery, it is appropriate and necessary to enter Judgment against the Companies. The Judgment should provide Mr. Sandoval's counsel with the opportunity to file a motion for attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2)(A), in the event that the Parties cannot reach an agreement on the reasonable amount of attorneys' fees to be paid.[2]

7. Once the Court has entered Judgment and made a final determination regarding Mr. Sandoval's counsel's reasonable attorneys' fees, this case should be closed administratively and the collective action component of this litigation will not continue.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

---

[1] Once the Companies make the payment of the reasonable attorneys' fees to Mr. Sandoval's counsel, as they already have with the Maximum Recovery, the Companies will request that this Court enter a full satisfaction of the Judgment.
[2] Even in that event, the Companies will not contest Mr. Sandoval's entitlement to attorneys' fees, and simply reserve the right to confirm –or have the court confirm—the reasonableness of the fees.

20247864_1

WHEREFORE, the Companies respectfully request that this Court grant this Motion, (i) enter Judgment against the Companies, jointly and severally, as outlined herein; (ii) permit Mr. Sandoval's counsel to request a determination of their reasonable attorneys' fees, which the Companies have agreed to pay; (iii) administratively close this lawsuit; and (iv) award to the Companies such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        STEIN SPERLING BENNETT
        DE JONG DRISCOLL PC

By:    */s/ Jeffrey M. Schwaber*
        Jeffrey M. Schwaber (D.C. Bar # 419681)
        jschwaber@steinsperling.com
        (301) 354-8110 (facsimile)

        */s/ Eduardo S. Garcia*
        Eduardo S. Garcia (D.C. Bar # 1028040)
        egarcia@steinsperling.com
        (301) 354-8326 (facsimile)

        1101 Wotton Parkway, Suite 700
        Rockville, Maryland 20852
        (301) 340-2020

        *Attorneys for Defendants*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

20247864_1

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 22nd day of August, 2023, a copy of the foregoing was served via Court's CM/ECF system on the following person(s):

    Michael K. Amster
    8757 Georgia Avenue, Suite 400
    Silver Spring, MD 20910
    mamster@zagfirm.com

    Anthony G. Bizien
    45 Essex Street, Suite 3 West
    Hackensack, NJ 07601
    abizien@zagfirm.com

    *Attorneys for Plaintiff*

                                                                   */s/ Eduardo S. Garcia*
                                                                   Eduardo S. Garcia

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020